UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GONG, <br><br>    Plaintiff, <br><br>    v. <br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, <br><br>    Defendants. | Case No. 24-cv-02985 <br><br> Judge Franklin U. Valderrama |

**MOVING DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOVING DEFENDANT'S MOTION TO DISSOLVE THE TRO
AND OPPOSING PLAINTIFF'S PRELIMINARY INJUNCTION MOTION**

**I. INTRODUCTION**

Plaintiff Gong ("Plaintiff") has asserted an invalid patent to extort VerRon Store (Defendant #1) ("Moving Defendant") by obtaining an *ex parte* TRO freezing its assets. Yet Plaintiff cannot prove a likelihood of success on the merits as required to obtain a TRO (or a Preliminary Injunction). More particularly, Moving Defendant's product accused of infringing Plaintiff's patent was being sold by numerous entities before Plaintiff applied for a patent, so the patent is invalid or not infringed.[1]

In addition, the TRO must be dissolved (and the Preliminary Injunction denied) because, even taking all assertions in the Complaint [1] as true, Plaintiff failed to allege compliance with 35 U.S.C. 287 – which is fatal to its damages claim and the basis of the asset restraint.

---

[1] Moving Defendant expects to prove that Plaintiff's patent filing constitutes fraud on the Patent Office if this case proceeds.

1

## II. ARGUMENT

**II.A. U.S. Pat. No. D1,002,902**

This case centers on U.S. Design Pat. No. D1,002,902, which was filed November 16, 2022 and granted October 24, 2023. *See* Complaint [1] at Exh. A, p. 3. The '902 Design Patent shows and claims a wall lamp as follows:



**II.B. Legal Standard for TRO and Preliminary Injunction**

The standard for granting a TRO and the standard for granting a preliminary injunction are identical. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc*., No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). "A preliminary injunction is a 'drastic and extraordinary remedy that is not to be routinely granted.'" *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd*., 357 F.3d 1319, 1324 (Fed. Cir. 2004) (quoting *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993)).

A movant must establish the existence of both the movant's likelihood of success on the merits and the threat of irreparable harm to be entitled to a preliminary injunction. *Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005 (Fed. Cir. 2009). If the accused infringer "raises a substantial question concerning either infringement or validity," then the patentee has not established that it is likely to succeed on the merits. *Id*. at 1350–51; *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1381-85, (Fed. Cir. 2009) (affirming denial of a motion for a preliminary injunction where the accused infringer raised a substantial question as to invalidity on the grounds of obviousness).

**II.C. The TRO should be dissolved (and the Preliminary Injunction denied) because Plaintiff cannot establish likelihood of success – Invalidity/Noninfringement**

Should this litigation proceed, Moving Defendant will prove that the claim is invalid – for example, as being anticipated by or obvious in view of the following prior art:

| Exh | Reference | Date of 1st publication/sale | Image(s) |
|---|---|---|---|
| A-1 | Arne Wall Light – Specification Sheet and sales of the product shown therein | At least as early as May 14, 2022 | [image of wall light, 22cm / 8.7", May 14, 2022] |

| A-2 | Silicum product – https://www.amazon.co.uk/dp/B0B6SY8KNW?ref_=cm_sw_r_mwn_dp_KGZEZ04H7TPZRMTG2YGZ&language=en-GB&skipTwisterOG=1&th=1 and sales of the product shown therein | At least as early as July 17, 2022 | Date First Available 17 July 2022 |
| --- | --- | --- | --- |
| A-3 | Nordic – https://focaldecor.com/products/modern-nordic-hanging-wall-lamp-1 and sales of the product shown therein | At least as early as May 25, 2022, per Internet Archive https://web.archive.org/web/20220101000000*/https://focaldecor.com/products/modern-nordic-hanging-wall-lamp-1 | |
| A-4 | KEFA – https://www.amazon.com/dp/B09MPXFZNP?th=1 and sales of the product shown therein | At least as early as Nov. 29, 2021 | 39cm, 10cm Hanging wire 10cm adjustable, 17cm, 12cm. Date First Available November 29, 2021 |

4

| A-5 | GYY – https://www.amazon.com/dp/B09MPXSHQ4?th=1 and sales of the product shown therein | At least as early as Nov. 29, 2021 | |
|---|---|---|---|
| A-6 | GYY – https://www.amazon.com/dp/B09MPZPZWN?th=1 and sales of the product shown therein | At least as early as Nov. 29, 2021 | |

Each of the references listed above is prior art under 35 U.S.C. § 102(a)(1). *See, e.g.,* Declaration of Allen Justin Poplin (Exhibit A hereto) at ¶¶ 2-7.[2]

To the extent Plaintiff can identify differences such that the '902 Design Patent is not anticipated under 35 U.S.C. § 102, then the '902 Design Patent is invalid as obvious under 35

---

[2] If Plaintiff argues that these references are hearsay or otherwise inadmissible, that is immaterial. "At this stage, the Court is not concerned with the admissibility of the evidence presented." *Reddi Bev. Co. LLC. v. Floral Bevs., LLC*, No. 1:23-cv-06147, 2023 U.S. Dist. LEXIS 227494, at *26 (N.D. Ill. Dec. 21, 2023) (citing *Asseo v. Pan American Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986). A court may specifically consider hearsay materials in resolving a motion for preliminary injunction. *Reddi Bev. Co.*, 2023 U.S. Dist. LEXIS 227494, at *35-36; *see also, SEC v. Cherif*, 933 F.2d 403, 412 (7th Cir. 1991).

U.S.C. § 103. As the Court of Appeals for the Federal Circuit just clarified, *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007) applies to design patents. *LKQ Corp. v. GM Glob. Tech. Operations LLC*, No. 2021-2348, 2024 U.S. App. LEXIS 12139, at *21-22 (Fed. Cir. May 21, 2024) (en banc). So Courts must apply a flexible approach consistent with *KSR* to determining obviousness. *Id.*

According to the Federal Circuit, after considering the scope and content of the prior art, the differences between the prior art designs and the design claim at issue must be determined. This approach does not use a threshold "similarity" requirement. Instead, when determining differences between the prior art and the design at issue, a Court must compare the visual appearance of the claimed design with prior art designs from the perspective of an ordinary designer in the field of the article of manufacture. *See id.* at *24-25 (*citing Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966); *Apple, Inc. v. Samsung Elects., Co.*, 678 F.3d 1314, 1329 (Fed. Cir. 2012)). Finally, the Court must evaluate the obviousness or nonobviousness of the claimed design. If an ordinary designer in the field to which the claimed design pertains would have been motivated to modify the prior art design to create the same overall visual appearance as the claimed design, then the design patent is invalid under 35 U.S.C. § 103. This inquiry must focus on the visual impression of the claimed design as a whole and not on selected individual pieces. *See id*. at *34 (citing *Campbell Soup, Co. v. Gamon Plus, Inc*., 10 F.4th 1268, 1275 (Fed. Cir. 2021); *In re Borden*, 90 F.3d 1570, 1574 (Fed. Cir. 1996)).

Here, any differences between the prior art and the design claimed in Plaintiff's patent are minimal (and non-patentable) at best. But in any event, as shown in the chart below, Moving Defendant's product is the same as numerous prior art references. As a result, the patent cannot validly cover Moving Defendant's product. *See CommScope Techs. LLC v. Dali Wireless Inc*., 10 F.4th 1289, 1294-95 (Fed. Cir. 2021) ("**[t]hat which infringes, if later, would anticipate, if earlier**.") (internal citations omitted) (emphasis added). Either the patent is invalid, or it is not infringed.

| Moving Defendant | (A-3) Nordic | (A-4) KEFA | (A-5) GYY | (A-6) GYY |
|---|---|---|---|---|
| https://www.amazon.com/Operated-Dimmable-Ligh%ED%AF%80%ED%B6%9Fng-Industrial-Fixtures/dp/B0BXKKP21K/ref=sr_1_2?crid=28IP22VNEL2C3&keywords=B0B | https://focaldecor.com/products/modern-nordic-hanging-wall-lamp-1 | https://www.amazon.com/dp/B09MPXFZNP?th=1 | https://www.amazon.com/dp/B09MPXSHQ4?th=1 | https://www.amazon.com/dp/B09MPZPZWN?th=1 |

Because Moving Defendant "raises a substantial question concerning either infringement or validity," Plaintiff has not established that it is likely to succeed on the merits. *See Altana Pharma AG*, 566 F.3d at 1350–51; *Titan Tire Corp.*, 566 F.3d at 1381-85. Accordingly, the TRO must be dissolved and Plaintiff's motion for Preliminary Injunction must be denied.

**II.D. The TRO should be dissolved (and the Preliminary Injunction denied) because Plaintiff cannot establish likelihood of success – Patent Marking**

If a patent owner fails to properly mark his products as patented, he cannot recover pre-suit damages. More particularly, according to 35 U.S.C. § 287(a) (emphasis added):

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the

7

same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. **In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.** Filing of an action for infringement shall constitute such notice.

"It is the patentee's burden to plead compliance with § 287(a)." *Express Mobile, Inc. v. Liquid Web, LLC*, Civil Action No. 1:18-cv-01177-RGA, 2019 U.S. Dist. LEXIS 64362, at *4 (D. Del. Apr. 15, 2019) (citing *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)). A claim for past damages must be dismissed if the plaintiff has not pled compliance with the marking statute. *Id.* (granting a motion to dismiss a claim for past damages because the patentee failed to allege compliance with § 287(a)).

The marking requirement applies to design patents as well as to utility patents. *Nike Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1440 (Fed. Cir. 1998).

The Complaint [1] alleges that Plaintiff has sold products embodying the '902 Design patent. [1] at ¶ 5. But the Complaint does not allege that its products (and any licensee's products) were properly marked as patented. This is fatal to its damages claim. *See, e.g., Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("If... a patentee makes or sells a patented article and fails to mark in accordance with § 287, the patentee cannot collect damages until it either begins providing notice or sues the alleged infringer... and then only for the period after notification or suit has occurred... A patentee's licensees must also comply with § 287."); *Express Mobile, Inc. v. Liquid Web, LLC*, Civil Action No. 1:18-cv-01177-RGA, 2019 U.S. Dist.

LEXIS 64362, at *4 (D. Del. Apr. 15, 2019) (granting a motion to dismiss a claim for past damages because the patentee failed to allege compliance with § 287(a)).

A motion to dismiss Plaintiff's claim for pre-suit damages will be filed if this case proceeds. But the Court should be aware that this is not merely an error in pleading. On information and belief, Plaintiff and any licensee did not properly mark as is required by 35 U.S.C. § 287(a). Moving Defendant need not prove that issue, however, as the mere failure to allege marking is fatal to Plaintiff's claim.

Without a viable claim for pre-suit damages, there is no basis for restraining Moving Defendant's assets through the TRO or a Preliminary Injunction. As such, the TRO restraining Moving Defendant's assets must be dissolved and Plaintiff's motion for Preliminary Injunction restraining Moving Defendant's assets must be denied.

### III. Conclusion

Plaintiff cannot show a likelihood of success on the merits, so the TRO against Moving Defendant should be immediately dissolved and Plaintiff's motion for Preliminary Injunction should be denied.

Dated: 6/3/2024

Respectfully submitted,

/s/ _____
Allen Justin Poplin, NDIL 21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: (913) 303-3841
Fax: (913) 549-4646
jpoplin@avekip.com

*Attorney for Moving Defendant*

9

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2024, a true and correct copy of MOVING DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANT'S MOTION TO DISSOLVE THE TRO AND OPPOSING PLAINTIFF'S PRELIMINARY INJUNCTION MOTION and the accompanying Exhibits A and A1-A7 were electronically filed with the United States District Court for the Northern District of Illinois and electronically served upon all parties having filed an appearance in this matter via the Court's CM/ECF notice of electronic filing.

*Attorney for Moving Defendant*